## Gagliardi v. Tozzi

*Solomon Lubin*, for plaintiff.

*John A. Gallagher* and *Arthur Silverblatt*, for defendants.

SCHIFFMAN, J., February 16, 1968.—We have before us a rule to show cause submitted by both defendants why plaintiff should not be required to produce and permit the inspection of his personal Federal income tax returns and the Federal income tax returns of a partnership known as Gagliardi Brothers, of which he is a member, for the years 1964, 1965 and 1966.

This is an action in trespass in which plaintiff, Joseph Gagliardi, seeks to recover, inter alia, for impairment of his earning power and loss of earnings as a result of the alleged negligent actions of defendants herein on September 4, 1965.

Income tax returns may be relevant in an appropriate case when loss of earnings is claimed: Kaylor v. Baran, 5 D. & C. 2d 567. As such, therefore, they might be an appropriate subject of discovery pursuant to Pennsylvania Rule of Civil Procedure 4007. Whether a party is entitled to obtain and inspect the records sought must be resolved in the light of the specific circumstances involved.

A consideration of the deposition of Joseph Gagliardi reveals that he was examined by counsel with regard to his income involvement in Gagliardi Brothers. His deposition reveals that his only income is that derived from his activities for the partnership. The partnership is made up of plaintiff and his brother. They are engaged in the construction business. Plaintiff's duties in the pursuance of the business of the partnership consisted of supervising other employes, preparing payrolls and keeping records, estimating and bidding all sorts of construction work involved in repairing and building residential and commercial structures, painting and repairing bridges, etc. He also is a skilled carpenter and participates in the laying out and actual building of structures upon which the employes of the partnership were working.

Plaintiff's deposition reveals that his earnings from the partnership are dependent upon not only his own efforts but also the efforts of his brother as well as the efforts of other persons from time to time employed by them.

Profits received from the operation of a partnership may not be shown by an injured and disabled partner in a suit against the person who injured and disabled him for the purpose of showing loss of earning power. The profits in such case were not realized solely through the labor, skill, industry and effect of the injured partner. The true test in such case is the value of the partner's service in the business: James v. Fer-

guson, 401 Pa. 92, 95. This rule has conduced toward the judicial conclusion that the injured party's income tax returns as well as those of the partnership are not relevant even for purposes of crossexamination: Sherin v. Dushac, 404 Pa. 496.

The application of the foregoing rules at the future trial of this matter does not conclusively resolve the question presently before us. The fact that records for which examination is sought may be inadmissible as evidence is not a bar to their discovery: Rearick v. Griffith, 27 D. & C. 2d 451. Discovery has been deemed to be proper although the things to be inspected are not competent or admissible as evidence: Naylor v. Baker's Merchandise Co. Inc., 84 D. & C. 529.

Our determination of the instant matter must, therefore, interpret the Rules of Civil Procedure which relate to the inspection sought.

Pa. R. C. P. 4009 authorizes the right to inspection subject to the limitations provided by rules 4007(a) and rule 4011. Rule 4007(a) subject to the limitations of rule 4011, provides, inter alia, for the discovery of any matter not privileged, which is relevant to the subject matter, and will substantially aid in the preparation of the pleadings or the preparation or trial of the case. Rule 4011 is a general rule of limitation on the scope of discovery and inspection, and sets forth such limitations.

As to relevance, discovery will not be prohibited merely because a particular record sought is not admissible. Relevant information leading to evidence of probative value might conceivably be found in the records requested: Rearick v. Griffith, supra. We cannot dismiss the information sought as having no application to the matter in question.

The statutory privilege conferred upon Federal income tax returns relates only to disclosure by the government and does not bar a State court from requiring

an examination of the returns in connection with litigation to which the taxpayer is a party: Fannasy v. Howard, 20 D. & C. 2d 234.

We have already noted that the inadmissibility of the records sought as evidence at trial does not, per se, bar their discovery. The focus of our inquiry is whether or not the inspection requested will substantially aid defendants in their preparation or trial of the case.

It is here apparent that plaintiff claims permanent impairment of earning capacity and power, and the reasonable value of his services to the partnership for a specific period. It is within this perspective that we are to determine if the income tax records sought will be of substantial aid.

There is no precise standard or definition of "substantial aid." However, we cannot conclude the inspection of the records sought to be a fishing expedition. The association between the damages claimed and the information sought is not remote or isolated.

We do not conclude that inspection of the information sought cannot and will not substantially aid defendants in their preparation or trial of the case. Assuming arguendo, there is serious doubt as to such conclusion, that very doubt should be liberally interpreted. The construction of the rules relating to discovery warrants an interpretation which does not deny the inspection of the records requested. See Baukal v. Acme Markets, Inc., 38 D. & C. 2d 86, citing 5 Anderson Pa. Civ. Prac., §4001, p. 4.

Our review of the Pennsylvania Rules of Civil Procedure and their contemplation will not justify a refusal of the inspection sought.

Accordingly, we enter the following

ORDER

Now, February 16, 1968, at 3 p.m. (EST), the rule granted on Joseph Gagliardi to show cause why he

496

should not produce copies of his Federal income tax returns for the years 1964, 1965 and 1966, and also copies of the Federal income tax returns of Gagliardi Brothers for the same years, for inspection by Matthew L. Tozzi and Thomas Jones, defendants, is made absolute.

Plaintiff is directed to permit defendants or their counsel to inspect or duplicate true copies of the aforementioned income tax returns.